UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff,*<br>    *v.*<br>STEFAN WINSTON,<br>    *Defendant.* | Crim. No. 3:11cr1 (JBA)<br><br>January 21, 2015 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On August 16, 2011, Defendant Stefan Winston pled guilty [Doc. # 199] to conspiring to possess with intent to distribute 1 kilogram or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced [Doc. # 690] on January 28, 2013 to 165 months imprisonment. He now moves [Doc. # 802] pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 for a reduction in his sentence. For the following reasons, his motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine

---

[1] These factors include:

whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Mr. Winston contends, and the Government agrees [Doc. # 806], that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. Mr. Winston and the Government agree that applying the Amendment to Mr. Winston yields an amended sentencing range of 151 to 188 months' imprisonment.[2] Based on the fact that Mr. Winston's original sentence was below the applicable guideline range, the Probation Office recommends [Doc. # 804], and Mr. Winston seeks a reduced sentence of 151 months' imprisonment. The Government does not oppose this proposed reduction.

Mr. Winston's most recent Bureau of Prisons Progress Report [Doc. # 805], dated January 5, 2015, demonstrates that Mr. Winston has maintained a clean disciplinary

---

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

[2] The prior range, based on a total offense level of 32, was 188 to 235 months' imprisonment.

record during his incarceration and that he has begun to take GED classes. Although, as the Government notes, Mr. Winston's conviction involved firearms possession, that factor was known and considered by the Court in imposing Mr. Winston's original sentence.

Upon full consideration of the factors set out in § 3553(a), the Court concludes that a reduction in Mr. Winston's sentence to 151 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons. U.S.S.G. Amendment 782 (policy statement). Because Mr. Winston's original sentence was below the applicable guideline range, his term of imprisonment will be reduced to the bottom of the revised guideline range, 151 months, and all other aspects of the original sentence shall remain in effect.

For the foregoing reasons, Mr. Winston's Motion [Doc. # 802] for Reduction in Sentence is GRANTED and, effective November 1, 2015,[3] his term of imprisonment is reduced to 151 months. All other aspects of the original sentence shall remain in effect.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." However, an application note to the Guidelines explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment (n.6).

IT IS SO ORDERED.

/s/_
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of January, 2015.